IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| THOMAS E. CUFF,<br><br>    *Plaintiff*,<br>v.<br><br>CHEX SYSTEMS,<br><br>    *Defendant*. | Civil Action No. 4:23-cv-00035 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Chex Systems, Inc. ("ChexSystems" or "Defendant") hereby removes this action from the Coffee County General Sessions Court in Manchester, Tennessee, Case No. 2023-CV-1299, to the United States District Court for the Eastern District of Tennessee. Removal is proper because this Court has federal question jurisdiction over the action. *See* 28 U.S.C. § 1331. Accordingly, ChexSystems removes this action to this Court, and, in support of its Notice of Removal, states the following:

**I.    BACKGROUND**

1.    On or about August 3, 2023, Plaintiff Thomas E. Cuff ("Plaintiff") filed a Civil Warrant against Chex Systems, Inc. in the Coffee County General Sessions Court in Manchester, Tennessee, Case No. 2023-CV-1299 (the "State Court Action"). In accordance with 28 U.S.C. §1446(a), attached as Exhibit A is a complete copy of all process, pleadings, and orders served upon ChexSystems in such action.

2.    ChexSystems received a copy of the Civil Warrant on August 9, 2023 by process server.

3. This Notice of Removal is being filed within thirty (30) days of ChexSystems receiving a copy of the Civil Warrant. Accordingly, the action is removable pursuant to 28 U.S.C. § 1446(b)(1).

4. The above-captioned action is a suit for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), the Fourth Amendment to the U.S. Constitution, the 1974 Privacy Act, the Frank-Dodd Act, the Graham, Leach, Biley Act, and the FACT Act.

5. ChexSystems denies the allegations in the Civil Warrant and denies that Plaintiff has stated a claim for which relief may be granted. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed suit in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant disputed issues under federal law.

## II. REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

6. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed

issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's alleges claims under, and requires a ruling on, the FCRA and other federal statutes.

9. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residences of the parties.

**III. VENUE**

10. Venue is proper in this Court because this district encompasses the Coffee County General Sessions Court in Manchester, Tennessee, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

**IV. NOTICE**

11. Concurrent with the filing of this Notice, ChexSystems will file a Notification of Removal with the Clerk of the Coffee County General Sessions Court in Manchester, State of Tennessee, a copy of which is attached hereto as Exhibit B.

12. Upon information and belief, the contents of Exhibit A and Exhibit B constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. § 1446(a).

13. ChexSystems reserves the right to amend this Notice of Removal.

14. If any questions arise as to the propriety of the removal of this action, ChexSystems requests the opportunity to present a brief and argument in support of its position that this case is removable.

**V. CONCLUSION**

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1331, Defendant Chex Systems,

Inc., hereby removes the above-captioned action from Coffee County General Sessions Court in Manchester, Tennessee, and seeks whatever further relief this Court deems equitable and just.

Dated: September 7, 2023

Respectfully submitted,

LEWIS THOMASON, P.C.

By: /s/ Ryan N. Clark
Ryan N. Clark, B.P.R. No. 29105
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rclark@lewisthomason.com

*Attorneys for Chex Systems, Inc.*

**CERTIFICATE OF SERVICE**

  I certify that on September 7, 2023, I caused to be filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF electronic filing system and sent via Federal Express to the Plaintiff:

        Thomas E. Cuff
      1802 N. Jackson Street, Suite 880
        Tullahoma, TN 37388

          By: /s/ Ryan N. Clark
            Ryan N. Clark